[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2009
THOMAS K. KAHN
CLERK

No. 08-17183
Non-Argument Calendar

_____

D.C. Docket No. 08-00118-CR-T-24MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL GARCIA-PEREZ,
a.k.a. Raul Perez-Gonzalez,
a.k.a. Jesus Recio,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Raul Garcia-Perez was sentenced to 60 months for illegally reentering the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He appeals, challenging his sentence.

First, Garcia-Perez argues that the district court committed a procedural error when it imposed a sentence without considering all of the factors in 18 U.S.C. § 3553(a) as required by *United States v. Booker*, 543 U.S. 200, 125 S. Ct. 738 (2005). We disagree. In *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005), we held that, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.* at 786. In this case, the district court explicitly stated that he had considered the factors in § 3553 in imposing the sentence. (R.3-27 at 36.) Thus, the record supports a conclusion that the district court properly considered the § 3553(a) factors as required by *Booker*.

Second, Garcia-Perez argues that the district court imposed a substantively unreasonable sentence. The thrust of Garcia-Perez's argument is that he is currently serving a state sentence of ten years' imprisonment,[1] and that this state sentence is sufficient to deter future criminal conduct and protect the community. Accordingly,

---

[1]On April 11, 2008, Garcia-Perez pleaded guilty in a Florida state court to trafficking in cocaine and was sentenced to ten years' imprisonment.

2

Garcia-Perez argues that the district court should have imposed a 60-month sentence concurrent with his state sentence, and not consecutive to it. The district court imposed a sentence of 60 months, which is below the applicable guideline range of 70 - 87 months' imprisonment. Considering Garcia-Perez's lengthy criminal history, (R.3-27 at 30-31), the district court did not abuse its discretion in imposing a 60-month sentence to run consecutive to the undischarged state sentence.

We affirm the sentence imposed by the district court.

AFFIRMED.